4x

1    COMPLAINT BY                          CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2

3    Name   Burts        Jeffrey              T

4          (Last)          (First)          (Initial)

5    Prisoner Number  P-72028

6    Institutional Address  Correctional Training Facility

7    P.O. Box 689, Soledad, CA 93960

8    ================================================

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10
     Jeffrey T. Burts                         )
11   (Enter the full name of plaintiff in this action.)  )
                                              )
12                    vs.                      )    Case No.
                                              )    (To be provided by the clerk of court)
13   J.Tilton, Sec. of CDCR; B. Curry,        )
                                              )
14   Warden CTF; W. Cohen, Chief Deputy       )    COMPLAINT UNDER THE
                                              )    CIVIL RIGHTS ACT,
15   Warden; D. Benedetti, Lt. A. Padilla,    )    42 U.S.C §§ 1983
                                              )
16   Lt.; E. Abanico, C/O; Does 1 through 15, )
     (Enter the full name of the defendant(s) in this action)  )
17                                            )

18   [All questions on this complaint form must be answered in order for your action to proceed..]

19   I.    Exhaustion of Administrative Remedies

20         [Note:  You must exhaust your administrative remedies before your claim can go

21         forward.  The court will dismiss any unexhausted claims.]

22         A.    Place of present confinement  Corr. Training Fac.

23         B.    Is there a grievance procedure in this institution?

24               YES ( X )      NO (  )

25         C.    Did you present the facts in your complaint for review through the grievance

26               procedure?

27               YES(X)       NO (  )

28         D.    If your answer is YES, list the appeal number and the date and result of the appeal at


     COMPLAINT                       - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal  First appeal submitted 9/10/2006, No. 06-03104:
Second appeal submitted 10/1/2006, No. 06-03545. Plaintiff
appeals were bypassed to the ≤first level.

2. First formal level  Plaintiff received appeal 06-03104 on 1/8/2007
and dissatisfied appealed to the next level. Received appeal
06-03545 on 11/7/2006 and dissatisfied appealed to next level.

3. Second formal level  Plaintiff received appeal 06-03104 on 2/16/2007
and dissatisfied appealed to the next level. Received apeal
06-03545 on 5/22/2007 and prison staff gratuitously canceled 602.

4. Third formal level  Plaintiff submitted response to director's level
on 3/8/2007, appeal No. 06-03104 and was rejected. Appeal
No. 06-03545 was cancelled and could not move to director's Level.

E.    Is the last level to which you appealed the highest level of appeal available to you?

          YES ( X )       NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain
why. Plaintiff made attempts to resolve the problem administratively,
unfortunatly the third level exhaustion was denied because prison officals
failed to process properly the appeal leaving the administrative exhaustion
requirement unavailable. Further explained in the Complaint.

II.    Parties

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.
Jeffrey T. Burts, CDCR# P-72028; Correction Training Facility;
P.O. Box 689, Soledad, CA 93960

_____

B.    Write the full name of each defendant, his or her official position, and his or her place of
employment.
J. Tilton, Secretary of CDCR, Sacramento CA.; B. Curry, Warden CTF, Soledad;
W. Cohen. Chief Deputy Warden, Soledad; D. Benedetti, Lieutentant, Soledad;

COMPLAINT                          - 2 -

1  A. Padilla, Lieutenant, Soledad; E. Abanico, Correctional Officer,

2  Soledad.  Save J. Tilton, all other defendants work at Correctional

3  Training Facility in Soledad.

4  III.    Statement of Claim

5      State here as briefly as possible the facts of your case.  Be sure to describe how each

6  defendant is involved and to include dates, when possible.  Do not give any legal arguments or cite any

7  cases or statutes.  If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9  See attached Complaint

10

11

12

13

14

15

16

17

18

19

20

21

22  IV.    Relief

23      Your complaint cannot go forward unless you request specific relief.  State briefly exactly what

24  you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

25  See attached Complaint

26

27

28

COMPLAINT                    - 3 -

1

2

3

4      I declare under penalty of perjury that the foregoing is true and correct.

5

6      Signed this _27_ day of _September_, 200 _7_

7

8                                    _Jeffrey (Todd) Burts_

9                                    (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          - 4 -

1  Jeffrey Todd Burts, P-72028
   Correctional Training Facility
2  P.O. Box 689
   Soledad, CA 93906
3
   In Pro Per
4

5

6

7

8                    UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 Jeffrey T. Burts,                )
                                    )
12          Plaintiff,              )
                                    )
13          v.                      )        COMPLAINT
                                    )
14 J. Tilton, Secretary of CDCR;    )        JURY TRIAL DEMANDED
   B. Curry, Warden CTF;            )
15 W. Cohen, Chief Deputy Warden;   )
   D. Benedetti, Lieutenant;        )
16 A. Padilla, Lieutenant;          )
   E. Abanico, C/O; and Does 1      )
17 through 15,                      )
                                    )
18          Defendant(s).           )
   _____ )
19

20                        <u>INTRODUCTION</u>

21      1.   This is a claim for damages and injunctive relief

22 brought under 42 U.S.C. § 1983 against prison officials

23 for violations of plaintiff, Jeffrey T. Burts, rights to

24 be free from cruel and unusual punishment as protected by

25 the Eighth Amendment of the United States Constitution.

26 Specifically at issue are plaintiff's right to be free from

27 sexual abuse and deliberate indifference to his personal

28
                              1.

1  safety.  Plaintiff also complains herein about unlawful

2  retaliation constituting cruel and unusual punishment and

3  the inadequate training based on prison policy and customs

4  that violates plaintiff's Fourteenth and Eighth Amendment.

5  Plaintiff has exhausted the administrative remedies for

6  damages and injunctive relief.

7

8                        JURISDICTION

9      2.  This action is brought pursuant to 42 U.S.C. §

10  1983. Therefore jurisdiction is proper under 28 U.S.C. §§

11  1331 and 1343.

12

13                         PARTIES

14     3.  Plaintiff is a 40 year old African American male

15  currently incarcerated at Correctional Training Facility

16  Soledad State Prison (CTF).  Plaintiff is a

17  patient/participant in the Mental Health Services Delivery

18  System at the CCCMS level of care and also has a reading

19  score of 5.1.  At all times mentioned in this complaint,

20  he was a prisoner within California Department of Corrections

21  and Rehabilitation.

22     4.  Plaintiff is informed and believes, and thereon

23  alleges, that at all times mentioned in this complaint

24  defendant Correctional Officer (C/O), E. Abanico, was

25  employed at CTF.

26     5.  Plaintiff is informed and believes, and thereon

27  alleges, that at all time mentioned in this complaint

28  defendant Lieutenant (Lt.), A. Padilla, was responsible

                           2.

1 | for the supervision of subordinate personnel, as well as

2 | for the safety and protection of all inmates at that

3 | institution.

4 |    6.  Plaintiff is informed and believes, and thereon

5 | alleges, that at all time mentioned in this complaint

6 | defendant Lieutenant (Lt.), D. Benedetti, was responsible

7 | for the supervision of subordinate personnel, as well as

8 | for the safety and protection of all inmates at that

9 | institution.

10 |    7.  Plaintiff is informed and believes, and thereon

11 | alleges, that at all time mentioned in this complaint defendant

12 | Chief    Deputy Warden, W. Cohen, was responsible for the

13 | supervision and discipline of all correctional staff at

14 | CTF.

15 |    8.  Plaintiff is informed and believes, and thereon

16 | alleges, that at all time mentioned in this complaint

17 | defendant Warden of CTF, B. Curry, was responsible for staff

18 | training, supervision and discipline of all correctional

19 | staff at CTF.

20 |    9.  Plaintiff is informed and believes, and thereon

21 | alleges, that at all time mentioned in this complaint

22 | Secretary of CDCR, J. Tilton, is responsible for ensuring

23 | the provisions of CDCR's training policy are adequate.

24 |    10.  At all times mentioned in this complaint, each

25 | individual defendant was acting under color of state law

26 | and acting in their official capacity and in the scope and

27 | course of their employment.

28 |    11.  All of the defendants, each of them, are also

3.

1  sued in their individual capacities for the claims alleged

2  in this complaint.

3      12.  Plaintiff is informed and believes, and on the

4  basis of such information and belief alleges, that each

5  of Does 1 through 15 is responsible in some manner for the

6  injuries alleged in the complaint. The true names and

7  capacities of said Does are presently unknown to plaintiff,

8  therefore sues said Does by such factitious names and will

9  seek leave to amend this complaint to add their true names

10 and capacities when the same have been ascertained.

11

12                         FACTS

13 Prison Staff Sexual Misconduct:

14      13.  On September 7, 2006, while plaintiff was walking

15 down the CTF-Central center corridor returning from the

16 legal library to his housing unit he was stopped by C/O

17 Abanico.

18      14.  At that time Abanico conducted a random,

19 nonemergency, suspicionless clothed body search.

20      15.  During the search Abanico touched plaintiff in

21 a sexual explicit and offensive manner that included running

22 his hand up plaintiff's inner thigh and cupping his penis

23 then squeezing his genitals.  This conduct is prohibited

24 under Sexual Abuse in Detention Elimination Act (SADEA),

25 California Penal Code, and the CCR Title 15.

26      16.  Plaintiff immediately protested the forced

27 submission to the inappropriate touching that drew the

28 attention of Lt. Padilla.

                         4.

17.  After the plaintiff explained to Padilla about the inappropriate touching by Abanico, Padilla stated, "he can touch you where ever he wants".

18.  In addition to the above-described search Abanico proceeded to rifle through plaintiff's legal documents and wallet contents and unlawfully confiscated numerious documents.

19.  Abanico also confiscated plaintiff's state issued I.D. card stating, "if you decide not to 602 me you will get it back".

Prison Staff Retaliation:

20.  Feeling fearful and unsafe because of the sexual invasive conduct by Abanico and the aquiescent attitude by Padilla and fearing this behavior is condoned and could happen again, that on September 10, 2006, plaintiff submitted staff complaints and inmate grievance (602) against Abanico and Padilla.

21.  The 602 requested the staff complaints be fully investigated pursuant to (SADEA) regarding sexual abuse. To have staff properly trained not to touch inmates genitals. To insure plaintiff would not be retaliated against for filing a complaint pursuant to (SADEA).  The nature of the complaint and desired remedies are consistent with Jordan v. Garner, 986 F.2d 1521 (9th Cir.1993).

22.  Approximately one week after plaintiff filed his staff complaint and 602 he was summons to the program office and told by Lt. Benedetti that, "you can either drop your

5.

staff complaint or be placed in Administrative Segregation (Ad-Seg)".

23. On September 15, 2006, due to the allegations of staff misconduct Benedetti removed plaintiff from General Population (GP) to AD-Seg under the pretext of security and/or jeopardizing the integrity of the investigation. Plaintiff remained in Ad-Seg for three months.

24. The retalitory consequences of plaintiff's removal from GP was fear and anxiety by being placed in a more dangerous setting, loss of job assignment, and loss of A-1-A privileges e.g., yard, canteen, phone, and visiting. Furthermore, the removal substantially restricted plaintiff's ability to confer with advocates in the ongoing indictments of Abanico's and Padilla's misconduct.

25. On September 21, 2006, during review of segregation order, at which time plaintiff was present, Chief Deputy Warden Cohen determined that plintiff's retention in Ad-Seg was continuously appropriate.

26. During this committee Cohen announced that plaintiff would receive a disciplinary 115 after the investigation though he stated no grounds for issuance for a 115. Subsequently, no 115 was ever issued to plaintiff.

27. On October 1, 2006, plaintiff submitted a staff complaint / 602 from Ad-Seg against Benedetti and Cohen asserting they retaliated against him for not dropping his 602 on Abanico for sexual abuse.

28. Plaintiff's protracted time in Ad-Seg before he was released back to GP was burdened with numerous attempts

6.

1 | by Benedetti and Cohen to have plaintiff drop his complaint
2 | against them.
3 |     29. On November 2, 2006, plaintiff was interviewed
4 | by Lieutenant D. Silva regarding his inmate appeal first
5 | level respones. On 11/2/06, plaintiff was brought to
6 | Classification Committee for program review for a non adverse
7 | transfer. They also strougly suggested he drop his 602
8 | against Benedetti and Cohen at which time plaintiff would
9 | not do.
10 |     30. Throughout this ordeal plaintiff has spoken with
11 | other inmates who have similar accounts of being sexually
12 | abused by Abanico and filed complaints and that senior staff
13 | approached these inmates stating,"if they did not drop their
14 | complaints they would be placed in Ad-Seg".
15 |     31. Plaintiff remains a CTF-Central as of the filing
16 | of the complaint. He has been subjected to conduct which
17 | he believes is sexual abuse and retaliatory in the light
18 | of the absence of any incidents before he was sexual abused
19 | on September 7, 2006, and complained about that misconduct.
20 |     32. Due to no fault of his own, plaintiff has not
21 | been able to complete the administrative process to the
22 | directors level, despite his attempts to do so.
23 | The CTF's appeals coordinators are abusing the 602 process
24 | by unreasonably returning plaintiff's appeal No.
25 | CTF-C-0603545 with the intent to deprive plaintiff's
26 | progression to the final level of review. The impediments
27 | are precluding exhaustion requirements. Furthermore,
28 | coordinators arbitrarily and gratuitously terminated

7.

plaintiff's valid 602 in favor of the defendants claiming
plaintiff refused to cooperate.  This is patently incorrect.

33.  Plaintiff was again deprived access to the final
level of review on appeal No. CTF-06-03104 staff complaint.
In this instance plaintiff received the second level response
a few days before the 15 day deadline to submit to the
directors level for complete exhaustion.  Nevertheless,
plaintiff submitted a quick but belated appeals response
to the directors level for required exhaustion.

34.  Plaintiff has thus exhausted the administrative
remedies for damages and the injunctive relief he seeks.

### FIRST CAUSE OF ACTION FOR RELIEF
Violation of Plaintiff's Eighth Amendment Right
to be Free From Sexual Abuse
and Deliberate Indiference to Personal Safety

35.  Plaintiff realleges and incorporates by reference
each allegation of paragraphs 1 through 34, inclusive, as
if alleged herein.

36.  Defendant Abanico violated plaintiff's Eighth
Amendment right to be protected from cruel and unusual
punishment in the form of sexual abuse, by his unnecessary
and wanton infliction of pain, including physical abuse,
and psychological and emotional distress, as herein alleged.
Abanico's actions offend contemporary standards of decency.

37.  Plaintiff is required to live in a environment
that is hostile to him by virtue of randomly being chosen
out of a group of inmates by Abanico, for body searches
that could result in a repeat of physical contact of a sexual

8.

1  nature.

2      38.  The above-referenced sexual abuse was sufficiently

3  pervasive to alter the conditions of plaintiff's daily

4  activities with periods of not going to the dinning hall

5  to eat or not going to the exercise yard in attempts to

6  avoid Abanico, and created a living condition that was

7  fearful, intimidating, restrictive, and distressful.

8      39.  Plaintiff is informed and believes, that defendants

9  Padilla and Benedetti and other Doe defendants of who

10  plaintiff is not presently aware, knew that Abanico was

11  actively engaging in inappropriate touching during clothed

12  body searches.  Plaintiff is further informed and believes,

13  that Padilla and Benedetti and Doe's knew that such conduct

14  would be harmful to plaintiff or any other inmate, yet

15  allowed Abanico to remain in his position of authority,

16  and carry out the offensive behavior.  In doing so, Padilla

17  and Benedetti and Doe's implemented a policy that repudiated

18  plaintiff's rights and was unconscionable.  Under the

19  doctrine of supervisory liability Padilla and Benedetti

20  and Doe's is liable for plaintiff's injuries.

21      40. In doing so as alleged hereinabove, defendants

22  each of them acted with deliberate indifference to

23  plaintiff's personal safety, and subjected him to unnecessary

24  and wanton infliction of pain, including physical, emotional

25  and mental abuse under circumstances which did not require

26  the use of any inappropriate touching whatsoever.

27      41. Defendants' act's, as alleged herein, were

28  despicable, knowing, willful, malicious, and/or carried

9.

1  out with reckless disregard for the plaintiff's federally

2  protected rights.

3        42.  As a direct and proximate result of all of the

4  defendants' actions herein, plaintiff suffered, and continues

5  to suffer, physical injury, serve emotional and psychological

6  distress.  Plaintiff is entitle to an award of compensatory

7  and punitive damages for his injuries and for injunctive

8  relief.

9

10                  SECOND CAUSE OF ACTION FOR RELIEF
                  Violation of Plaintiff First and Eighth
11         Amendment Right to be Free from Retaliation

12        43.  Plaintiff realleges and incorporates by reference

13  each allegation of paragraphs 1 through 34, inclusive, and

14  paragraphs 35 through 42, inclusive, of the First Cause

15  of Action, as if alleged herein.

16        44.  Defendants Benedetti, Cohen, and Doe's have denied

17  plaintiff his First and Eighth Amendment right to be free

18  from retaliation when they entered into a conspiracy to

19  oppress, threaten, and intimidate plaintiff because of

20  plaintiff having exercised the rights and privileges secured

21  to him by the Constitution.  Specifically, to grievance

22  unlawful sexual conduct without retaliation.

23        45.  In furtherance of the above-described unlawful

24  conspiracy, defendants, acting under the color of the office,

25  and without any legitimate penalogical goal, removed

26  plaintiff from GP to a more dangerous placement in Ad-Seg.

27  The removal was not in good faith or well founded in that

28  it was contrary to provisions of SADEA and other statues

                              10.

1  against retalitory actions.  The removal was for the sole
2  purpose of circumventing the express provisions so that
3  defendants could more readily, by threats, intimidation,
4  and other unlawful means, attempt to coerce plaintiff to
5  withdraw his complaint.  Defendants' actions offend
6  contemporary standards of decency.

7    46.  Defendants, each of them subjected plaintiff to
8  physical, emotional and mental abuse under circumstances
9  which did not require the use of any relocation whatsoever.

10   47. Defendants' act's, as alleged herein, were
11 despicable, knowing, willful, malicious, and/or carried
12 out with reckless  disregard for the plaintiff's federally
13 protected rights.

14   48.  As a direct and proximate result of all of the
15 defendants' actions herein, plaintiff suffered, and continues
16 to suffer, physical injury, serve emotional and psychological
17 distress.  Plaintiff is entitle to an award of compensatory
18 and punitive damages for his injuries and injunctive relief.

19
20
                 THIRD CAUSE OF ACTION FOR RELIEF
21        Violation of Plaintiff's Eighth and Fourteenth
              Amendment Right to be Free From Cruel and
22        Unusual Punishment Because of Inadequate Training

23   49.  Plaintiff realleges and incorporates by reference
24 each allegation of paragraphs 1 through 34, inclusive, and
25 paragraphs 35 through 42, inclusive, of the First Cause
26 of Action, and paragraphs 43 through 48, inclusive, as if
27 alleged herein.
28

                              11.

50.  Plaintiff is informed and believes, and claims
Tilton and Curry as agents for CDCR are liable for
"inadequate training" predicated upon the requisite degree
of fault that has been proven by the background and events
and circumstances which establish that defendant Abanico
physically touches genitals during clothed body searches
and that the "policy of inaction" to correct the unlawful
clothed body search training is the functional equivalent
of a decision by CDCR to violate plaintiff's rights.

51.  Plaintiff's litigation posture with respect to
the question of inadequate training in this case is
consistent with establishing agency liability under § 1983.

52.  Plaintiff has been informed by staff that
Correctional Officers are trained in the academy to rub
the crotch area of inmates.  That such rubbing is required
for security, even though it is illegal under (SADEA).

53.  Defendants', each of them subjected plaintiff
to physical, emotional and mental abuse under circumstances
which did not require the use of any unlawful body searches
whatsoever.

54.  As a direct and proximate result of all of the
defendants' actions herein, plaintiff suffered, and continues
to suffer, physical injury, serve emotional and psychological
distress.  Plaintiff is entitle to an award of compensatory
and punitive damages for his injuries and injunctive relief.
//
//
//

12.

RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A.    Issue an injunction ordering defendants Tilton and Curry or their agents to:

      1.  Immediately rescind old clothed body search training and implement revised clothed body search training that does not involve touching of genitals.

      2.  Immediately stop defendant Abanico from conducting clothed body searches that include touching prisoner's genitals.

B.  Award compensatory damages in the following amounts:

      1.  $50.000 against Abanico for physical and emotional injuries resulting from sexual misconduct.

      2.  $25.000 against defendant Padilla for emotional injuries resulting from the omission to stop the sexual abuse and condoning the behavior.

      2.  $50.000 jointly and severally against Benedetti and Cohen for the punishment and emotional injury resulting from the retaliation because of filing complaints.

C.  Award punitive damages in the following amounts:

      1.  $20.000 against Abanico;

      2.  $10.000 against Padilla, Benedetti, and Cohen.

F.  Grant such other relief as it may appear that plaintiff is entitled.

Date: 9/27/07

Jeffrey T. Burts,
Plaintiff in pro per.

13.

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, ___Jeffrey T. Burts_____, declare:

I am over 18 years of age and a party to this action. I am a resident of _CTF-Cental, Soledad_____

_____Prison,

in the county of _Monterey_____,

State of California. My prison address is: _CTF, P.O. Box 689, Soledad CA 93960_____,

_____

On_____,

                          (DATE)

I served the attached: _Complaint and In Forma Pauperis_____

_____

                   (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Office of the Clerk
United States District Court for the Northen District
U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102-3483

    I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _September 27, 2007_____

          (DATE)                 (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                  ::ODMA\PCDOCS\WORDPERFECT\22832\1