| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

JEFFREY T. BURTS,   No. C 07-5131 CW (PR)

    Plaintiff,   ORDER OF SERVICE

  v.

E. ABANICO, et al.,

    Defendants.
                             /

Plaintiff Jeffrey T. Burts, a state prisoner, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a constitutional rights violation while incarcerated at the Correctional Training Facility (CTF). His motion for leave to proceed in forma pauperis (IFP) has been granted.

Venue is proper in this district because the events giving rise to the action occurred at CTF, which is located in this district. See 28 U.S.C. § 1371(b).

## BACKGROUND

Plaintiff alleges that Defendants CTF Correctional Officer E. Abanico, Lieutenant A. Padilla, D. Benedetti, W. Cohen, B. Curry, J. Tilton and "Does 1 through 15" violated his constitutional rights. First, Plaintiff claims that he was sexually abused by Defendant Abanico, who touched him in a sexually explicit manner by running his hand up Plaintiff's thigh, cupping his penis, and squeezing his genitals during a clothed body search. Plaintiff also claims that Defendants Benedetti, Cohen and "Does 1 through 15" retaliated against him for filing grievances. Finally, he alleges supervisory liability claims against Defendants Tilton, Curry, Benedetti and Padilla.

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

A. Eighth Amendment and Supervisory Liability Claims

Plaintiff claims that on September 7, 2006, he was stopped by Defendant Abanico as he was walking through a corridor from the law library towards his housing unit. Plaintiff alleges that Defendant Abanico conducted a random non-emergency related clothed body search. Defendant Abanico touched him in "a sexual[ly] explicit and offensive manner" by running his hand up Plaintiff's thigh, cupping his penis, and squeezing his genitals. In addition, Plaintiff argues that because Defendants Tilton, Curry, Benedetti

2

and Padilla knew of the alleged incident and are Defendant Abanico's supervisors, they are liable for his conduct on the basis of supervisory liability.

The conduct alleged by Plaintiff does not rise to the level of an Eighth Amendment violation. Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). However, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation -- the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. See, e.g., Jordan, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Here, according to Plaintiff, Defendant Albanico handled Plaintiff's penis and genitals during a clothed body search. Plaintiff has not indicated that there was any more than a de minimis injury resulting from the isolated brief incident. Accordingly, Plaintiff's Eighth Amendment claim against Defendant

3

Albanico and his supervisory liability claims against Defendants Tilton, Curry, Benedetti and Padilla are DISMISSED for failure to state a claim for relief.

B. Retaliation Claim

Plaintiff claims his First Amendment rights were violated because he was placed in administrative segregation in retaliation for filing grievances.

On September 10, 2006, Plaintiff filed a 602 inmate appeal alleging sexual abuse by Defendant Abanico. One week later, Defendant Benedetti called Plaintiff into the program office and told him that he could either drop his 602 appeal or be placed in administrative segregation. Because Plaintiff did not drop his 602 appeal, he was placed in administrative segregation on September 15, 2006, which resulted in the loss of his job assignment as well as some of his privileges. On September 21, 2006, Defendant Cohen reviewed the segregation order and determined Plaintiff's retention in administrative segregation was appropriate. Plaintiff claims that Defendant Cohen announced that Plaintiff would be disciplined with a CDC-115 (rules violation report) after an investigation; however, Plaintiff claims no CDC-115 was ever issued. As a result, on October 1, 2006, Plaintiff filed a 602 appeal alleging retaliation by Defendants Benedetti and Cohen. Plaintiff alleges that Defendants Benedetti and Cohen also attempted to convince him to drop his 602 appeal against them.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84

4

(1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). The prisoner also must allege the defendants' actions caused him some injury. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Here, Plaintiff sufficiently alleges that he was retaliated against for filing his grievances. Accordingly, Plaintiff has stated a COGNIZABLE retaliation claim against Defendants Benedetti and Cohen.

C. Claims Against Doe Defendants

Plaintiff identifies "Does 1 through 15" as Defendants whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff

such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice.  Should Plaintiff learn their identities through discovery, he may move to file an amendment to the complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's Eighth Amendment claim against Defendant Abanico and his supervisory liability claims against Defendants Tilton, Curry, Benedetti and Padilla are DISMISSED for failure to state a claim for relief.

2. Plaintiff has stated a COGNIZABLE retaliation claim against Defendants Benedetti and Cohen.

3. Plaintiff's claims against the Doe Defendants are DISMISSED from this action without prejudice.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to CTF Chief Deputy Warden W. Cohen and CTF Lieutenant D. Benedetti.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

6.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a.   No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to

7

Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

8

(party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fifteen (15) days prior to the deadline sought to be extended.

        IT IS SO ORDERED.

Dated:  1/25/10                    _____
                                   CLAUDIA WILKEN
                                   UNITED STATES DISTRICT JUDGE

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA | |

JEFFREY T. BURTS,

        Plaintiff,

  v.

J. TILTON et al,

        Defendant.

Case Number: CV07-05131 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey T. Burts P-72028
4A 7C 104
California Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

Dated: January 25, 2010

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk